# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**                    **Case No. 3:20-CR-00001-01-LPR**

**LAWRENCE CANNON**                                                 **DEFENDANT**

## ORDER

Defendant's Motion to Reduce Sentence (Doc. 89) is DENIED.

On March 14, 2022, the Court sentenced Defendant to 96 months in prison for being a felon in possession of a firearm.[1] On November 2, 2023, Defendant filed a motion to reduce sentence based on Amendment 821 to the United States Sentencing Guidelines. Specifically, Defendant "is seeking a reduction based on the 'gross disparity' which created extraordinary and compelling circumstances" and a "status point" reduction.[2]

Defendant's disparity issue is a rehash of his objection to the Court's upward variance. This argument already was rejected by the Eighth Circuit Court of Appeals.[3] Furthermore, as the Court announced at sentencing, Defendant's decision to go into a club full of people while inebriated is "among the most dangerous conduct there can be for a felon in possession."[4] The Eighth Circuit noted that the upward variance was "firmly grounded in the offense conduct, [Defendant's] criminal history and characteristics, and the 18 U.S.C. § 3553(a) sentencing

---

[1] Docs. 75, 76.

[2] Doc. 89 at 4, 8.

[3] Doc. 86.

[4] Docs. 84 at 49.

factors."[5]  There is no disparity that warrants a reduction.  Rather, Defendant simply disagrees with the upward variance.

Defendant also argues that he is entitled to a sentence reduction based on Amendment 821, which removed "status points" for offenses committed while under a criminal justice system.  Applying retroactive guideline Amendment 821 reduces Defendant's criminal history score by 1 point – from 18 to 17.  However, his criminal history category remains VI, which means his guideline range has not changed.[6]  Accordingly, he is not entitled to relief.

IT IS SO ORDERED this 27th day of November, 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] Doc. 86 at 4.

[6] *See* U.S.S.G 1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").